Gena L. Sluga, 018633
gsluga@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2700 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Plaintiff Sparta Insurance Company

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Sparta Insurance Company, a Connecticut corporation, | Case No. 1:17-cv-00604 |
| Plaintiff | |
| vs. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| Ricardo Carrillo; Copper Solutions and Services, LLC, a business entity; Cecilio Duran Medina; and George C. Alderete, | |
| Defendants. | |

Plaintiff Sparta Insurance Company hereby alleges the following for its Complaint against Defendants Ricardo Carrillo; Copper Solutions & Services, LLC, a Texas limited liability company; Cecilio Duran Medina; and George C. Alderete (collectively referred to herein as "Defendants").

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Sparta Insurance Company ("Sparta") is a corporation organized under the laws of the State of Connecticut with its principal place of business in Connecticut.

2.     Upon information and belief, Defendant Ricardo Carrillo ("Carrillo") is a resident of Lea County, New Mexico.

3. Defendant Copper Solutions & Services, LLC ("Copper Solutions") is a limited liability company organized under the laws of the State of Texas with its principal place of business in Snyder, Texas.

4. Upon information and belief, Defendant Cecilio Duran Medina ("Medina") is a resident of Scurry County, Texas.

5. Upon information and belief, Defendant George C. Alderete ("Alderete") is a resident of Texas.

6. A justiciable controversy exists between Plaintiff Sparta and Defendants as to whether Plaintiff Sparta has a duty to indemnify Defendants Copper Solutions, Medina and Alderete for the entirety of a judgment entered in an underlying lawsuit styled *Ricardo Carrillo vs. Copper Solutions and Services, LLC, Cecilio Duran Medina, George C. Alderete, et al.*, case No. D-412-CV-2013-00509 (the "Underlying Lawsuit") in an amount that exceeds the liability limits of the Sparta insurance policy issued to Defendant Copper Solutions.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), based on the parties' diversity of citizenship. Plaintiff Sparta is a corporation organized under the laws of the State of Connecticut and maintains its principal place of business in Connecticut. Defendant Carrillo is a citizen of the State of New Mexico. Defendant Copper Solutions is a Texas limited liability company with its principal place of business in Texas. Defendant Cecilio Duran Medina is a citizen of the State of Texas. Defendant George C. Alderete is a citizen of the State of Texas. Diversity of citizenship is complete. The amount in controversy exceeds $75,000. Specifically, there is controversy over whether the amount of insurance coverage available is $1,000,000 or $2,000,000.

8.      This Court has personal jurisdiction over Defendant Carrillo because Carrillo is domiciled in the State of New Mexico.

9.      This Court has personal jurisdiction over Defendant Copper Solutions because Defendant Copper Solutions availed itself of the benefits of the State of New Mexico by transporting commercial goods within New Mexico's borders and, in so doing, was involved in a motor vehicle accident for which Defendant Copper Solutions had an applicable Sparta insurance policy.

10.      This Court has personal jurisdiction over Defendant Cecilio Duran Medina because Medina availed himself of the benefits of the State of New Mexico by transporting commercial goods within New Mexico's borders and, in doing so, was involved in an automobile accident in New Mexico.

11.      This Court has personal jurisdiction over Defendant George Alderete because Alderete, as executive manager for Defendant Copper Solutions, failed to act through his agents to prevent Defendant Carrillo from being injured and is therefore liable under the doctrines of *respondeat superior* and vicarious liability for injuries Defendant Carrillo sustained in the November 2, 2011 automobile accident.

12.      Venue is proper in the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff Sparta's request for declaratory judgment took place in the State of New Mexico. Specifically, the underlying automobile accident giving rise to the Underlying Lawsuit from which this controversy arises occurred in the State of New Mexico. Alternatively, if venue is not proper under 28 U.S.C. § 1391(b)(2), then venue is proper under 28 U.S.C. § 1391(b)(3) because there is

no other district in the State of New Mexico in which an action may otherwise be brought and at least one of the Defendants is subject to this Court's personal jurisdiction with respect to this action.

## GENERAL ALLEGATIONS

### A.   The Underlying Automobile Accident

13.   On November 2, 2011, Defendant Carrillo sustained injuries arising out of an automobile accident in New Mexico, which involved, among others, Cecilio Duran Medina—the driver/operator of Defendant Copper Solution's commercial vehicle at the time of the accident.

14.   On December 31, 2013, Defendant Carrillo filed the Underlying Lawsuit against Defendant Copper Solutions, alleging significant damages arising from the accident.

### B.   The Policy

15.   Plaintiff Sparta issued a Texas business automobile insurance policy (Policy No. 014AU 02287—"the Policy") to Defendant Copper Solutions with effective dates of August 26, 2011 to August 26, 2012.

16.   The Policy was negotiated in Texas, offered in Texas, accepted in Texas, issued in Texas, and issued to Defendant Copper Solutions—a limited liability company incorporated in and organized under the laws of Texas—which maintains real and personal property in Texas.

17.   The Policy provided Defendant Copper Solutions with Auto Liability Insurance with applicable limits of $1,000,000. Defendants Alderete and Medina also were insureds under the terms of the Policy. Sparta retained counsel to defend the claims against Defendants Copper Solutions, Medina and Alderete, and made the limits of insurance available to attempt to settle the claims against its insureds.

18.     The Policy has liability limits of $1,000,000 per occurrence, regardless of the number of covered "autos" involved in a single accident. Specifically, Section C: Limit of Insurance provides in pertinent part:

> Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

**C.     The Dispute**

19.     The Underlying Lawsuit was tried before a jury from September 19, 2016 to September 30, 2016. The jury returned a $12,500,000 verdict against Defendants Copper Solutions, Medina and Alderete.

20.     On several instances before the trial, Sparta offered the full $1,000,000 policy limits to Defendant Carrillo in settlement of his claims. These include (but are not limited to):

     a.  Sparta's March 11, 2014 offer, made over two years and seven months before trial;

     b.  Sparta's July 28, 2014 offer, made approximately two years and one month before trial;

     c.  Sparta's September 18, 2014 offer, made approximately two years before trial;

     d.  Sparta's February 4, 2015 offer, made approximately one year and seven months before trial;

     e.  Sparta's April 1, 2015 offer, made approximately one year and five months before trial; and

     f.  Sparta's December 2016 offer, made at the time that judgment was entered following trial.

21.     Defendant Carrillo rejected each of Sparta's offers—instead, demanding that Sparta pay between $2,000,000 and $12,500,000 to resolve his claims against Defendants Copper Solutions, Medina, and Alderete.

### D. The Procedural Posture of the Underlying Lawsuit

22.     Defendant Carrillo filed a post-judgment Motion to File Supplemental Complaint and Join Sparta Insurance Company as Defendant with the New Mexico trial court in continuation of the Underlying Lawsuit. In its motion, Carrillo asserts that Sparta engaged in, among other things, unfair claims practices—specifically, failing to make reasonable and timely settlement offers to resolve the claims against its insureds.

23.     In response to Defendant Carrillo's motion, Sparta requested leave of court to appear for the limited purpose of disputing the procedural grounds for Defendant Carrillo's Motion as well as the substantive allegations of unfair claims practices.

24.     Before there was a ruling on either motion, Defendants Copper Solutions and Alderete filed notices of appeal from the $12,500,000 judgment. The Underlying Lawsuit is now before the New Mexico Court of Appeals, and the trial court has been divested of jurisdiction over the matter.

25.     The trial court (as of the date of the filing of the instant action) has not ruled upon Carrillo's motion to file an amended complaint or Sparta's motion to make a limited-scope appearance to object to the same.

26.     At all relevant times, Sparta has made clear that the $1,000,000 liability limits of the Policy are available for use in resolving Carrillo's claims against its insureds—and continues to make them available in partial satisfaction of the judgment in the Underlying Lawsuit. Defendant Carrillo has refused—and continues to refuse—to accept Sparta's $1,000,000 offers, insisting

instead that Sparta fund the entirety of the judgment, substantially in excess of the limits of available insurance.

## FIRST CLAIM FOR RELIEF

### (DECLARATORY JUDGMENT – DUTY TO INDEMNIFY)

27.     Plaintiff Sparta realleges and incorporates by reference the allegations contained in paragraphs 1–26 above as if fully set forth herein.

28.     An actual controversy exists between Plaintiff Sparta and Defendants concerning the extent of Plaintiff Sparta's duty to indemnify Defendants Copper Solutions, Medina and Alderete against the judgment in the Underlying Lawsuit.

29.     Plaintiff Sparta seeks a judicial declaration that it has no obligation under the Policy or under applicable law to indemnify Defendants in excess of the limits of the Policy.

## SECOND CLAIM FOR RELIEF

### (DECLARATORY JUDGMENT – INSURANCE BAD FAITH)

30.     Plaintiff Sparta realleges and incorporates by reference the allegations contained in paragraphs 1–29 above as if fully set forth herein.

31.     An actual controversy exists between Plaintiff Sparta and Defendants concerning the extent of Plaintiff Sparta's duty to indemnify Defendants Copper Solutions, Medina and Alderete against the judgment in the Underlying Lawsuit.

32.     At all relevant times, Plaintiff Sparta has made the limits of the Policy available to settle the claims at issue in the Underlying Lawsuit. Accordingly, Plaintiff Sparta seeks a judicial declaration that it has fulfilled its express and implied contractual obligations to Defendants Copper

Solutions, Medina and Alderete, as well as any statutory or regulatory duties owed under applicable law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sparta prays for judgment against the Defendants as follows:

33.     For a judicial determination declaring that the Policy does not obligate Plaintiff Sparta to indemnify Defendants Copper Solutions, Cecilio Duran Medina and George C. Alderete in excess of $1,000,000 for the claims at issue in the Underlying Lawsuit;

34.     For an award of pre-judgment interest at the maximum legal rate;

35.     For all costs of suit incurred herein, including Plaintiff Sparta's attorneys' fees incurred in bringing this matter before the Court; and

36.     For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 31st day of May, 2017.

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ Gena L. Sluga
    Gena L. Sluga
    Attorney for Plaintiff Sparta Insurance Company

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2017 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing.

/s/ Yvonne Canez